IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Wade Steven Gardner,
Mary Joyce Stevens,
Randy Whittaker Individually
and his Official Capacity at
Southern War Cry,

Veterans Monuments of America, Inc.,
Andy Strickland, US Army Ret, President

Capt. Phil Walters, In his Official
Capacity as 1st Lt. Commander of the
Judah P. Benjamin Camp #2210
Sons of Confederate Veterans,

Ken Daniel, In his Official
Capacity as Director of Save
Southern Heritage, Inc. Florida

Plaintiffs,

v.                                                                 Civil Action No. 8:18-CV-02843

H. William Mutz, Individually and
In His Official Capacity as
Mayor of the City of Lakeland, Florida

Anthony J. Delgado, Individually and
In His Official Capacity as
Administrator of the City of Lakeland,
Florida


Don Selvege, Individually and
In His Official Capacity as
City of Lakeland, Florida Commissioner

Justin Troller, Individually and

In His Official Capacity as
City of Lakeland, Florida Commissioner
Phillip Walker, Individually and
In His Official Capacity as
City of Lakeland, Florida Commissioner

Tony Padilla, Individually and In
His Official Capacity as President of
Energy Services & Products Corp.

Defendants

---

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1. An Affidavit that proves the allegations in the application for injunctive relief and Temporary Restraining Order are attached and incorporated by reference.

2. **Plaintiffs will likely suffer imminent irreparable injury**, if Mayor Mutz, Antonio A. Padillo and Administrator Delgado are not restrained from removing the Cenotaph. Of the 4 other circa 1900 Cenotaphs that have been taken down in Florida, half were irreparably damaged during the process. Fed. R. Civ. P. 65(b)(1); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365 (2008). Mayor Mutz public stated that the Cenotaph will come down and the Plaintiffs believe that the City will act immediately to take down the Cenotaph to American veterans and disavow the sacrifices of their families and extinguish the assemblage of Constitutional Liberties the Cenotaph represents without notice, because of his previous statements and the pattern of conduct established in other Florida communities. Plaintiff's note: The same contractor

has been engaged without full bid process as was engaged in an adjacent County for the same purpose. Fed. R. Civ. P. 65(b)(1); *Winter,* 555 U.S. at 22. "The loss of First Amendment interests were either threatened or in fact are being impaired at the time relief was sought. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673 (1976).

3. Mayor Mutz is a state actor who is ordaining the political meaning of political, religious and artistic expression in a public forum. This government determination of expression in a public forum without a showing of any compelling interest in making the determination and without due process and without an independent arbiter is a continuing irreparable harm, as contemplated under *Texas v. Johnson* and *Elrod v. Burns.*

4. There is no adequate remedy at law, because any legal remedy would be merely illusory. *Northern Cal. Power Agency v. Grace Geothermal Corp*., 469 U.S. 1306, 105 S. Ct. 459 (1984). The denial of free speech and due process on a continuing basis cannot be readily reduced to monetary damages. The only adequate remedy to the abridgment of free speech is the injunctive demand to resume the abridged assemblage of Constitutional liberties and to provide the denied due process.

5. There is a substantial likelihood that the plaintiffs will prevail on the merits. *Doran v. Salem Inn, Inc*., 422 U.S. 922, 931, 95 S. Ct. 2561 (1975). Defendants have expressly abridged the aforementioned assemblage of Constitutional represented represented by the Cenotaph and attempted to substitute a new interpretation of the Cenotaph's meaning. Case law on this issue clearly shows that government actors may not enforce their own interpretation of political messages on political symbols. *Johnson*, 491 U.S. at 415.

Plaintiffs are confident that the Court will agree that the Defendants are abridging the long-standing tradition of freedom of expression in a public forum, which should be remedied by the Court's authority.

6. The on-going harm to Plaintiffs outweighs the harm that a temporary restraining order would inflict on the City of Lakeland *Winter*, 555 U.S. at 24; *Yakus v. United States*, 321 U.S. 414, 440, 64 S. Ct. 660 (1944). Plaintiffs are already experiencing continuing harm by the decision to deny freedom of expression communicated by the Cenotaph and its inscriptions in bas-relief. *Elrod*, 427 U.S. at 373. Mayor Mutz and the other Defendants will suffer no harm by allowing the Cenotaph to stay in place.

7. Issuance of an emergency temporary restraining order would not adversely affect the public interest and public policy, because issuance of the order would serve the public interest. *See Winter*, 555 U.S. at 24-26. Indeed, the benefit to third parties would be enormous, as the display of the direct, factual inscriptions on the plinths, such as "Our Confederate Dead" would allow everyone in this public forum in the Public Square to appreciate that historic facts pose no actual harm. Indeed, the order would mark the end of the Orwellian terror that Mayor Mutz is attempting to inflict on the public and the plaintiffs.

Plaintiffs are willing to post a bond in the amount the Court deems appropriate. However, Plaintiffs are filing this cause in the public interest and request that the Court order no or a nominal bond. *Kaepa, Inc., v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Firstly, neither the City of Lakeland nor any Defendant stands in financial risk by the issuance of the requested injunction. Secondly, Plaintiffs are suing in the public

interest and stand to recover no damages in this action, or other compensation other than attorneys fees and costs under 42 U.S.C. §1988, 28 U.S.C. §2201

8. The Court should enter this temporary restraining order without notice to Mayor Mutz because Plaintiffs will likely suffer immediate and irreparable injury, loss, or damage if the order is not granted before this Action can be heard and there is no less drastic way to protect plaintiffs' interests.  Fed. R. Civ. P. 65(b)(1); *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 106 (2d Cir. 2009); *see also Benchbook for U.S. District Court Judges,* at 239. The course of dealing in Florida has often been to remove public Memorials without notice and under cover of darkness.  Plaintiffs have reason to believe that Mayor Mutz will once again, following these precedents, surreptitiously remove the Cenotaph without notice in the dead of night.  Plaintiffs believe that were the Mayor to receive notice that this Court was contemplating an injunction to protect the Cenotaph, the Mayor would accelerate the removal of the Cenotaph.

9. Plaintiffs ask the Court to set the request for Injunctive Relief in the form of an **Emergency Temporary Restraining Order, followed by Preliminary Injunction Hearing at the EARLIEST POSSIBLE TIME.**

Respectfully Submitted,

*/s/ David R. McCallister*

DAVID R. MCCALLISTER,
13742 17th St., Dade City, FL 33525
Po Box 7343, Wesley Chapel, FL 33545
TELEPHONE: 813-973-4319
FAX: 352-260-0157
DavidMcCallister@hotmail.com

STATE OF FLORIDA

PASCO COUNTY

### AFFIDAVIT OF DAVID RHODES MCCALLISTER

Before me, the undersigned notary, on this day personally appeared David Rhodes McCallister affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is David Rhodes McCallister. I am competent to make this affidavit. The facts stated in the First Amended Original Complaint & Application for Temporary Restraining Order are within my personal knowledge and are true and correct.

2. I have been reading news articles, talking with witnesses, and reading statements made by the parties in this matter."

_____
DAVID R. MCCALLISTER

SWORN TO and SUBSCRIBED before me by David Rhodes McCallister on November 19, 2018.

BRANDIE K HUNTER
MY COMMISSION # GG 090189
EXPIRES: June 6, 2021
Bonded Thru Budget Notary Services

Notary Public in and for
The State of Florida

*Plaintiffs' Complaint & Application for Injunctive Relief*
*Page **6** of **6***